# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| BROLIN PAYNE, | CASE NO. 5:15-cv-821 |
| Petitioner, | JUDGE CHRISTOPHER A. BOYKO |
| v. | MAGISTRATE JUDGE GREG WHITE |
| ERNIE MOORE, Warden | |
| Respondent. | **REPORT AND RECOMMENDATION** |

Petitioner, Brolin Payne ("Payne"), challenges the constitutionality of his conviction in the case of *State v. Payne*, Summit County Court of Common Pleas Case No. 2012-01-0028. Payne, *pro se*, filed a Petition for Writ of Habeas Corpus (ECF No. 1) pursuant to 28 U.S.C. § 2254 on April 27, 2015.  On August 13, 2015, Warden Ernie Moore ("Respondent") filed a Motion to Dismiss the petition as filed beyond the statute of limitations.  (ECF No. 7.)  Payne filed a response on October 29, 2015.  (ECF No. 9.)  For reasons set forth in detail below, it is recommended that Payne's petition be DISMISSED as time barred.

## I. Procedural History

**A.  Conviction**

On January 17, 2012, a Summit County Grand Jury charged Payne with one count of rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02(A)(1)(b), and one count of gross sexual

imposition in violation of O.R.C. § 2907.05(A)(4).  (ECF No. 7-1, Exh. 1.)

On July 25, 2012, a jury found Payne guilty as charged.  (ECF No. 7-1, Exhs. 9, 10 & 11.) On September 10, 2012, the trial court sentenced Payne to a term of no less than 25 years and not more than the maximum of life imprisonment for the rape conviction.  (ECF No. 7-1, Exh. 12.) For the gross sexual imposition conviction, Payne was sentenced to a definite term of five years imprisonment.  *Id*.  The sentences were to be served concurrently. *Id*.

**B.  Direct Appeal**

On September 27, 2012, Payne, through counsel, filed a Notice of Appeal with the Court of Appeals for the Ninth Appellate District ("state appellate court") raising the following assignments of error:

1. The court committed plain error and abused its discretion in allowing the "one-party consent call" to be admitted as an exhibit and testimony by witnesses concerning the same where the State of Ohio under Crim. R. 16 and Crim. R. 12 failed to disclose such statements to defendant until during the suppression hearing held on Payne's Motion to Suppress Evidence.

2. The trial court committed reversible error and abused its discretion by denying the *Batson* challenge submitted by Brolin Payne.

(ECF No. 7-1, Exhs. 13 & 14.)

On November 27, 2013, the state appellate court affirmed Payne's conviction.  (ECF No. 7-1, Exh. 16.)

On March 17, 2014, Payne, *pro se*, filed a Notice of Appeal with the Supreme Court of Ohio. (ECF No. 7-1, Exh. 17.)  On the same day, Payne filed a Motion for Delayed Appeal. (ECF No. 7-1, Exh. 18.)

On May 14, 2014, the Supreme Court of Ohio denied the motion for a delayed appeal and

dismissed the case. (ECF No. 7-1, Exh. 19.)

**C. Postconviction Relief**

While his direct appeal was pending before the state appellate court, Payne, *pro se*, filed a petition to vacate or set aside judgment of conviction or sentence with a request for an evidentiary hearing on July 15, 2013. (ECF No. 7-1, Exh. 20.) The petition raised the following claims:

1. Detective Rex Lott's misconduct denied me my 14th Amendment Right to "Equal Protection under the Laws."

2. Akron police and the State of Ohio deprived me of my 14th Amendment rights by enforcing a law (Ohio R.C. Section 2933.52(B)(3)) that abridged my privilegs [sic] and immunities of the 4th, 5th and 14th Amendments of the United States Constitution.

3. The court denied my 5th Amendment right to freedom from self incrimination.

(ECF No. 7-1, Exh. 20.)

On December 6, 2013, the trial court denied the petition, finding that the claims were barred by *res judicata*. (ECF No. 7-1, Exh. 23.) Payne did not appeal.

On December 23, 2014, Payne filed a "Motion to Amend Post Conviction Petition with Leave." (ECF No. 7-1, Exh. 24.) On March 25, 2015, the motion was denied, as the trial court construed it as a second or successive petition. (ECF No. 7-1, Exh. 25.) Again, Payne did not appeal.

**D. Federal Habeas Petition**

On April 27, 2015, Payne filed a Petition for Writ of Habeas Corpus asserting the

following grounds for relief:[1]

> GROUND ONE: The Petitioner was deprived his due process right guaranteed him by the 4th, 5th, 6th, and 14th Amendments of the United States Constitution when trial court abused it's [sic] discretion by allowing the admission of an exhibit and testimony by witnesses concerning the same where the state failed to disclose materials pursuant to Criminal Rules 16 and 12 derived from the contents of a "wire communication" transmitted by the petitioner that was illegally intercepted used and disclosed by law enforcement in violation of the petitioner's constitutional rights.
>
> GROUND TWO: The Petitioner's was [sic] right to an impartial jury of the state and equal protection of the law guaranteed to him by the 6th and 14th Amendments of the United States Constitution were violated when the trial court denied the *Baston* challenge submitted by petitioner.

(ECF No. 1.)

## II. Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for

---

[1] Payne's petition states that he placed his petition in the prison mailing system four days earlier, on April 23, 2015. (ECF No. 1 at 23.) Under the prison mailbox rule, as articulated by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 276 (1988), a *pro se* prisoner's notice of appeal will be considered timely if given to prison officials for mailing prior to the filing deadline, regardless of when the court itself sees the documents. The *Houston* court adopted the prison "mailbox" rule because it recognized the fact that prisoners cannot take the steps available to other litigants to monitor the processing of filings with the court. As such, the Court will consider April 23, 2015 the filing date for statute of limitations purposes.

> seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

**A.   One-Year Limitation**

In the instant action, Respondent asserts that Payne's petition is time-barred because he did not file within the one-year limitations period. Respondent contends, and this Court agrees, that Payne's conviction became final on January 13, 2014, forty-five (45) days after the state appellate court affirmed his conviction and the time to file a timely notice of appeal with the Supreme Court of Ohio expired. Payne's direct appeal was denied on November 27, 2013. (ECF No. 7-1, Exh. 16.) A timely appeal to the Supreme Court of Ohio would have been due forty-five days later, on January 11, 2014   except that date fell on a Saturday. As such, his appeal would have been considered timely if received by January 13, 2014, but it was not.[2]

---

[2] According to a letter from the Supreme Court of Ohio attached to Payne's motion for a delayed appeal, his original appeal materials were not received until January 14, 2014 and the clerk's office rigorously enforced the deadline and refused to accept the appeal under

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*

Only "properly filed" applications for postconviction relief or collateral review toll the statute of limitations, and "a state postconviction petition rejected by the state court as untimely is not 'properly filed' within the meaning of § 2244(d)(2)." *Allen v. Siebert*, 552 U.S. 3, 128 S. Ct. 2, 3 (2007); *Pace v. DiGuglielmo,* 544 U.S. 408, 125 S.Ct. 1807 (2005) ("time limits, no matter their form, are 'filing' conditions, and a state postconviction petition is therefore not 'properly filed' if it was rejected by the state court as untimely"); *Monroe v. Jackson*, 2009 WL 73905, *2, Case No. 2:08cv1168 (S.D. Ohio Jan. 8, 2009). A timely filed state post-conviction matter, however, cannot serve to toll a statute of limitations which has already expired before the motion was filed. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). Section 2244(d)(2)'s tolling provision "does not ... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman*, 346 F.3d at 602 (citation omitted).

---

Rule 7.01(A)(5) and 7.01(A)(6). (ECF No. 7-1, Exh. 18.) Payne avers that he resubmitted his pleadings to the Ohio Supreme Court on February 5, 2014, but the materials were again returned as "un-filed." (ECF No. 9 at 8.) His motion for a delayed appeal was filed on March 17, 2014. (ECF No. 7-1, Exh. 18.)

Further, if a state court ultimately denies a petition as untimely, that petition was neither properly filed nor pending and a petitioner would not be entitled to statutory tolling. *See Monroe* at *2; *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).

Because Payne's appeal with the Supreme Court of Ohio was not timely filed, the statute of limitations began running on January 14, 2014, and continued running for sixty-two (62) days up to and including March 16, 2014 — the day before Payne's motion for a delayed appeal was filed with the Supreme Court of Ohio thereby tolling the statute of limitations. The statute of limitations resumed running on May 15, 2014 — the day after the motion for delayed appeal was dismissed.[3] At least an additional 223 days elapsed, for a sum total of 285, until Payne filed his "Motion to Amend Post Conviction Petition With Leave" on December 23, 2014. (ECF No. 7-1, Exh. 24.) If said motion does not toll the statute of limitations, then another 121 days elapsed, 406 days in the aggregate, until Payne submitted his federal habeas petition to the prison mailing system on April 23, 2015.  Under such circumstances, his petition would be forty-one (41) days too late. Conversely, if the motion tolled the statute of limitations until March 25, 2015 when it was denied, Payne would be entitled to an additional ninety-three (93) days of statutory tolling, rendering his petition timely.

Therefore, the dispositive issue as to whether the instant petition is timely under the AEDPA hinges on whether Payne's "Motion to Amend Post Conviction Petition With Leave" tolled the statute of limitations. That determination, in turn, depends on whether it can be deemed "properly

---

[3] Payne's original post-conviction petition to vacate or set aside his conviction or sentence was filed on July 15, 2013 and denied on December 6, 2013. (ECF No. 7-1, Exhs. 20 & 23.) As the post-conviction petition was filed, decided, and the time to appeal expired prior to the commencement of the statute of limitations on January 14, 2014, it had no impact on AEDPA's statute of limitations.

filed." For the sake of expediency and due to the state court's finding, explained below, the Court will refer to this motion as Payne's "second petition."

Pursuant to O.R.C. § 2953.23(A), "a court may not entertain" a petition for post-conviction relief filed more than 365 days after the date on which the trial transcript is filed in the court of appeals on direct appeal.[4]  It is not altogether clear whether the state court deemed Payne's second petition as untimely for failing to be filed within 365 days.  Assuming *arguendo* that the second petition was timely, a court may also not entertain a "***second petition or successive petitions*** for similar relief on behalf of a petitioner ***unless*** division (A)(1) or (2) of this section applies." O.R.C. § 2953.23(A) (emphasis added).  However, O.R.C. § 2953.23(A)(2) is plainly inapplicable, as it applies only to situations where DNA evidence establishes actual innocence.  Therefore, the state court could not have considered Payne's second post-conviction petition unless he satisfied *both* (A)(1)'s following criteria:

  (a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

  (b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

---

[4] Pursuant to O.R.C. § 2953.21(A)(2), a petition for post-conviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication..."

O.R.C. § 2953.23(A)(1).

The state court expressly deemed Payne's motion a second or successive petition. (ECF No. 7-1, Exh. 25.) The state court explicitly found that Payne failed to "meet the criteria set forth in R.C. 2953.23." (ECF No. 7-1, Exh. 25.) This finding that the statutory criteria was not satisfied prevented the court from even entertaining the petition under state law. As explained by one Ohio court, "[u]nless the defendant makes the showings required by R.C. 2953.23(A), the trial court lacks jurisdiction to consider either an untimely or a second or successive petition for post-conviction relief." *State v. Gibson*, 2005 Ohio App. LEXIS 4869, 2005-Ohio-5353 at ¶10 (Ohio Ct. App., Sept. 28, 2005) (*citing State v. Carter*, Ohio App. LEXIS 4372, 2003-Ohio-4838 (Sept. 12, 2003); *State v. Beuke*, 130 Ohio App.3d 633, 720 N.E.2d 962 (Ohio Ct. App. 1998); *State v. Owens*, 121 Ohio App.3d 34, 698 N.E.2d 1030 (Ohio Ct. App. 1997)).[5]

A petition that cannot be initiated or considered is not "properly filed." *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005). This issue is strikingly similar to one addressed by the Sixth Circuit Court of Appeals in *Williams v. Birkett*, 670 F.3d 729 (6th Cir. 2012). Therein, the Court of Appeals found that a district court erred by finding that a petitioner was entitled to statutory tolling, "[b]ecause Michigan law does not allow the filing of second motions for post-conviction relief, with two exceptions not applicable in Williams's case, Williams's second motion was not 'properly filed' under the reasoning of the Supreme

---

[5] This Court is bound by the state court's interpretation of state law. *See, e.g., Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003) ("Federal courts are obligated to accept as valid a state court's interpretation of state law and rules of practice of that state.")

Court's decision in *Pace* ..."[6] It appears that Ohio too does not permit the filing of a second or successive petition unless the aforementioned clearly defined exceptions are satisfied. The state court found that Payne did not satisfy the exceptions. Under such circumstances, this Court cannot find that the state court's filing conditions were satisfied and concomitantly cannot find that it was "properly filed."

Therefore, unless equitable tolling is appropriate or Payne is entitled to begin calculating the statute of limitations from an alternative date, his petition should be dismissed as time-barred.

**B. Factual Predicate**

Pursuant to 28 U.S.C. § 2244(d)(1)(D), the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date. Payne has not asserted that the factual predicate of his claims could not have been discovered until a later date. Indeed, given that his grounds for relief revolve around the admission of certain evidence at trial and a *Batson* challenge, he could not reasonably make such an argument.

**C. Equitable Tolling**

Finally, the Court finds that equitable tolling is not appropriate. Payne did raise a tolling argument in his Traverse after Respondent raised the statute of limitations defense. *See, e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of proving that equitable tolling is applicable). In order to be entitled to equitable tolling, Payne must

---

[6] According to the *Williams* decision, "[t]he Michigan rule allows for successive motions when there is 'a retroactive change in law that occurred after the first motion for relief from judgment' or 'a claim of new evidence that was not discovered before the first such motion.'" 670 F.3d at 733.

-10-

establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented the timely filing of the habeas petition *Id*.; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "However, the doctrine of equitable tolling is used sparingly by federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)).

Here, Payne asserts that he attempted to file his direct appeal with the Supreme Court of Ohio in a timely manner, but was prevented from doing so by circumstances beyond his control. (ECF No. 9 at 8.) He avers that he submitted legal documents for duplication on December 28, 2013 to allow for adequate time to mail his appeal, which was due January 13, 2014. *Id*. He further states that he did not receive those documents back until January 9, 2014, after which he immediately submitted them to the prison mail system. *Id*. Therefore, he believes the 62 days between January 14, 2014 and March 17, 2014 should not count against him when calculating AEDPA's statute of limitations. *Id*. Payne, however, offers no explanation as to why he should be found to have been acting diligently since that time, or what extraordinary circumstances prevented him from timely filing his *federal habeas petition* as opposed to his state court appeal. (ECF No. 9.)

First, the Court declines to find that Payne had been pursuing his rights diligently. It bears noting that even *after* Payne's motion for a delayed appeal before the Ohio Supreme Court was rejected, he still had 303 days left to file his federal habeas petition. Nonetheless, Payne did nothing for 223 days. Then, on December 23, 2014, he opted to file the above discussed motion to amend, which was deemed a second or successive petition. (ECF No. 7-1, exh. 24.) That motion was less than a page in length and cited no law. Payne cannot credibly assert that he was acting diligently during that 223 day span of time by filing a motion that even a *pro se* prisoner could have drafted in less than an hour. The Sixth Circuit has held that excessive delays in filing shows a

lack appropriate diligence. *See e.g. Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012). A court should be "much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights." *Vroman*, 346 F.3d at 605, *quoting Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *accord Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Garrison v. Warren Corr. Inst.*, 1999 U.S. App. LEXIS 13314 (6th Cir. Jun. 10, 1999).

Payne's argument is essentially that he was diligent when he tried to file an appeal with the Supreme Court of Ohio, and that his past diligence should excuse his lack thereof in filing the present petition. Moreover, Payne does not identify any extraordinary circumstance that prevented him from timely filing his federal habeas petition, but only his frustrated attempt to file a timely direct appeal with the Supreme Court of Ohio. A similar argument was rejected by a district court from the Southern District of Ohio:

> Petitioner has not shown that he was prevented by some extraordinary circumstance from seeking federal habeas relief prior to the expiration of the limitations period. Although petitioner attempts to demonstrate his diligence in filing his appeal to the Ohio Supreme Court despite limited access to the prison law library (See Doc. 1, Attachment A), a showing of diligence at the state level is insufficient to warrant equitable tolling.

*Wyatt v. Warden, Warren Corr. Inst.*, No. 1:13-CV-28, 2013 WL 6008691, at *4 (S.D. Ohio Nov. 13, 2013) *report and recommendation adopted*, No. 1:13-CV-28, 2013 WL 6388559 (S.D. Ohio Dec. 6, 2013); *see also McCoy v. Sheets*, 2011 U.S. App. LEXIS 26710 at **4-5 (6th Cir. Oct. 18, 2011) ("McCoy has not shown an extraordinary circumstance that prevented timely filing of his *federal habeas petition*.") (emphasis added).

Payne does claim that he had no idea that his first petition for post-conviction relief, filed on July 15, 2013, was denied, not even when he filed his second petition on December 23, 2014.

(ECF No. 9 at 5.) Even assuming that Payne's self-serving allegation is true, this implies that Payne failed to monitor the status of his petition for almost 1.5 years. In *Keeling*, the Sixth Circuit found that the petitioner did not "diligently monitor the status of his appeal" by waiting three years to file his first post-conviction petition despite an allegation that counsel did not inform him of the outcome of his appeal. 673 F.3d at 463; *see also Thomas v. Warden, London Corr. Inst.*, 2014 U.S. Dist. LEXIS 114353 (S.D. Ohio Aug. 18, 2014) ("assuming, without deciding, that petitioner's claims regarding his appellate attorney amount to an extraordinary circumstance," the petitioner was not diligent in pursuing his rights as he failed in his duty to monitor the status of his appeal by waiting over two years to check on its status).

The Court finds that Payne has failed to demonstrate that he was pursuing his rights diligently, and also failed to identify any extraordinary circumstances that prevented the timely filing of his habeas petition. Without the benefit of equitable tolling, the instant petition is untimely and should be dismissed.

**D. Actual Innocence**

In *McQuiggan v. Perkins*, U.S. , 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court recently held that actual innocence, if proved, may overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id*. at 1931.

For the actual innocence exception to apply, a petitioner must "support his allegations of constitutional error with new reliable evidence whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial."

*Schlup v. Delo*, 513 U.S. 298, 324, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). The Supreme Court explained, however, that "tenable actual-innocence gateway pleas are rare" and "'[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *McQuiggan*, 133 S.Ct. at 1928 (quoting *Schlup,* 513 U.S. at 329). In making this assessment, "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id*. (quoting *Schlup*, 513 U.S. at 332).

Here, Payne has not asserted that he is actually innocent, nor has he come forward with any evidence, much less new and reliable evidence, of actual innocence. Thus, the Court finds Payne is not entitled to the actual innocence exception.

### III. Conclusion

For the foregoing reasons, it is recommended that this matter be DISMISSED as time barred.

/s/ *Greg White*
U.S. Magistrate Judge

Date: January 22, 2016

### OBJECTIONS
**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**