**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **BROLIN PAYNE,** ) | **CASE NO. 5:15CV821** |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| Vs. ) | |
| ) | |
| **ERNIE MOORE, Warden,** ) | **MEMORANDUM OF OPINION** |
| ) | |
| ) | |
| Respondent. ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter comes before the Court on Petitioner Brolin Payne's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF #1). For the following reasons, the Court accepts and adopts the Magistrate Judge's Report and Recommendation and dismisses Petitioner's Petition as time barred.

## FACTS

The following is a factual synopsis of Petitioner's claims. The Magistrate Judge's Report and Recommendation, adopted and incorporated, provides a more complete and detailed discussion of the facts.

1

On January 17, 2012, the Summit County Grand Jury issued an Indictment charging Petitioner with one count of Rape and one count of Gross Sexual Imposition. On July 25, 2012, a jury found Petitioner guilty as charged. On September 10, 2012, the trial court sentenced Petitioner to a term of no less than twenty-five years and not more than the maximum of life imprisonment for the Rape conviction, and five years imprisonment on the Gross Sexual Imposition conviction to be served concurrently.

On September 27, 2012, Petitioner filed a Notice of Appeal with the Court of Appeals for the Ninth Appellate District. On November 27, 2013, the Court of Appeals affirmed Petitioner's conviction. On March 17, 2014, Petitioner filed a Notice of Appeal with the Supreme Court of Ohio. On the same day, he filed a Motion for Delayed Appeal. On May 14, 2014, the Supreme Court of Ohio denied the Motion for a Delayed Appeal and dismissed the case.

While his direct Appeal was pending before the Court of Appeals, Petitioner filed a Petition to Vacate or Set Aside Judgment of Conviction or Sentence on July 15, 2013. On December 6, 2013, the trial court denied the Petition, finding that the claims were barred by *res judicata.* Petitioner did not appeal. On December 23, 2014, Petitioner filed a Motion to Amend Post Conviction Petition with Leave. On March 25, 2015, the Motion was denied, as the trial court construed it as a second or successive Petition. Again, Petitioner did not appeal.

Petitioner filed the instant Petition on April 27, 2015, asserting two grounds for relief. The Court will consider the filing date to be April 23, 2015, as that is the day Petitioner placed the Petition in the prison mailing system. On May 7, 2015, this Court referred Petitioner's Petition to the Magistrate Judge for a Report and Recommendation.

On August 13, 2015, Respondent filed a Motion to Dismiss. The Magistrate Judge issued his Report and Recommendation on January 22, 2016. On February 12, 2016, Petitioner filed his Objections to the Magistrate Judge's Report and Recommendation and a Motion Substituting Respondent. Petitioner's location of confinement was changed to a different institution. Petitioner's Motion to Substitute Respondent is granted. On February 16, 2016, Respondent filed a Response to Petitioner's Traverse, which appears to be a response to the Objections.

## STANDARD OF REVIEW

When a federal habeas claim has been adjudicated by the state courts, 28 U.S.C. § 2254(d)(1) provides the writ shall not issue unless the state decision "was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States." Further, a federal court may grant habeas relief if the state court arrives at a decision opposite to that reached by the Supreme Court of the United States on a question of law, or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000). The appropriate measure of whether or not a state court decision unreasonably applied clearly established federal law is whether that state adjudication was "objectively unreasonable" and not merely erroneous or incorrect. *Williams*, 529 U.S. at 409-411.

Pursuant to 28 U.S.C. § 2254(e)(1), findings of fact made by the state court are presumed correct, rebuttable only by clear and convincing evidence to the contrary. *McAdoo v. Elo*, 365 F. 3d 487, 493-494 (6th Cir. 2004). Finally, Rule 8(b)(4) of the Rules Governing §2254 states:

> A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify in whole or in part any findings or recommendations made by the magistrate.

## **ANALYSIS**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). The relevant provisions of AEDPA state:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

Respondent asserts that Petitioner's Petition is time-barred because he did not

file within the one-year limitations period. The Magistrate Judge correctly determined that Petitioner's conviction became final on January 13, 2014, forty-five days after the Court of Appeals affirmed his conviction and the time to file a timely Notice of Appeal with the Supreme Court of Ohio expired. Because Petitioner's Appeal with the Supreme Court of Ohio was not timely filed, the statute of limitations began running on January 14, 2014, and continued running for sixty-two days up to and including March 16, 2014, the day before Petitioner's Motion for a Delayed Appeal was filed with the Supreme Court of Ohio, thus tolling the statute of limitations. The statute of limitations resumed running on May 15, 2014, the day after the Motion for Delayed Appeal was dismissed.

The AEDPA tolls the one-year limitations period during the time "'a properly filed application for State postconviction or other collateral review . . . is pending.' § 2244(d)(2)." *Evans v. Chavis*, 546 U.S. 189, 191 (2006); *Carey v. Saffold*, 536 U.S. 214 (2002); *accord Matthews v. Abramajtys*, 319 F.3d 780, 787 (6th Cir. 2003). "The time that an application for state postconviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Id.*

Here, the Magistrate Judge points out that at least an additional two hundred twenty-three days elapsed, for a total of two hundred eighty-five days until Petitioner filed his Motion to Amend Post Conviction Petition With Leave on December 23, 2014. If that motion does not toll the statute of limitations, then another one hundred twenty-one days elapsed, four hundred six days in the aggregate, until Petitioner submitted his federal habeas Petition to the prison mailing system on April 23, 2015. Under such

circumstances, his Petition would be forty-one days too late.  The Magistrate Judge determined that as the trial court had expressly deemed this Motion a second or successive Petition and the statutory criteria for filing such a Petition was not satisfied, the trial court was prevented from entertaining the Petition.

A petition that cannot be initiated or considered is not "properly filed."  *See, e.g.*, *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005).  The Court agrees with the Magistrate Judge that this issue is similar to one addressed by the Sixth Circuit Court of Appeals in *Williams v. Birkett*, 670 F.3d 729 (6th Cir. 2012).  Therein, the Court of Appeals found that a district court erred by finding that a petitioner was entitled to statutory tolling, "[b]ecause Michigan law does not allow the filing of second motions for post-conviction relief, with two exceptions not applicable in Williams's case, Williams's second motion was not 'properly filed' under the reasoning of the Supreme Court's decision in *Pace* ..."  The Magistrate Judge found that Ohio also does not allow the filing of second or successive petitions unless O.R.C. § 2953.23(A), (1) or (2) applies.   Here, the state court found that Petitioner did not satisfy the exceptions and the Motion was not properly filed.

Additionally, the Magistrate Judge found that equitable tolling is not appropriate.  Petitioner contends that he attempted to file his direct appeal with the Supreme Court of Ohio in a timely manner, but was prevented from doing so by circumstances beyond his control, but offers no explanation as to what extraordinary circumstances prevented him from timely filing his federal habeas Petition as opposed to his state court Appeal.

It is Petitioner's burden to prove he is entitled to equitable tolling.  *See*, *e.g., Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that a petitioner bears the burden of

6

proving that equitable tolling is applicable). Petitioner must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented the timely filing of the habeas petition. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "However, the doctrine of equitable tolling is used sparingly by federal courts." *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010)).

The Court agrees with the Magistrate Judge that Petitioner fails to show that he had been pursuing his rights diligently. The Magistrate Judge notes that after Petitioner's Motion for a Delayed Appeal before the Ohio Supreme Court was rejected, he still had three hundred and three days left to file his federal habeas Petition, but did nothing for two hundred twenty-three days. Then, on December 23, 2014, he opted to file a Motion to Amend Post Conviction Petition With Leave, which was deemed a second or successive Petition. The Court agrees that Petitioner cannot credibly assert that he was acting diligently during that two hundred twenty-three day span of time by filing a motion that was less than a page in length and cited no law. Petitioner contends that he had no idea that his first Petition for Post-Conviction Relief filed on July 15, 2013, was denied when he filed his second petition on December 23, 2014. Even assuming that Petitioner's allegation is true, this implies that he failed to monitor the status of his Petition for almost one and a half years. The Sixth Circuit has held that excessive delays in filing shows a lack of appropriate diligence. *See e.g. Keeling v. Warden*, 673 F.3d 452, 463-64 (6th Cir. 2012).

In *McQuiggan v. Perkins, U.S.* , 133 S.Ct. 1924, 1928, 185 L.Ed.2d 1019 (2013), the United States Supreme Court recently held that actual innocence, if proved, may

7

overcome the expiration of AEDPA's one-year statute of limitations. The Court noted that a claim of actual innocence is not a request for equitable tolling but, rather, a request for an equitable exception to § 2244(d)(1). *Id.* at 1931. Here, Petitioner has not asserted that he is actually innocent or come forward with any evidence of actual innocence.

The Court agrees with the Magistrate Judge's determination that Petitioner has failed to demonstrate that he was pursuing his rights diligently, and also failed to identify any extraordinary circumstances that prevented him from timely filing his habeas Petition. Petitioner's Petition is untimely and Petitioner is not entitled to equitable tolling.

For the foregoing reasons, the Court **ADOPTS** and **ACCEPTS** the Magistrate Judge's well-reasoned Report and Recommendation, grants Respondent's Motion to Dismiss and dismisses Petitioner's Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus by a Person in State Custody as time barred.

The Court finds an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915 (a)(3). Since Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253 (c)(2); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

Date:2/22/2016
s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge